IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARK E. HIBBERT, SR.,<br><br>        Plaintiff,<br><br>  v.<br><br>BELLMAWR PARK MUTUAL HOUSING CORPORATION, et al.,<br><br>        Defendants. | Civil No. 10-5386 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendants' "Joint Motion to Amend/Correct Discovery Under Rule 26(e)." [Doc. No. 60]. Defendants ask for leave to supplement their discovery responses and to re-depose plaintiff. The Court received plaintiff's response and defendants' reply [Doc. Nos. 61, 62], and exercises its discretion to decide defendants' motion without oral argument. L. Civ. R. 37.1(b)(4). For the reasons to be discussed, defendants' motion is GRANTED.

Background

Plaintiff Mark H. Hibbert's discrimination complaint was removed to this Court on October 18, 2010. Hibbert is deaf and unable to communicate except through sign language. Hibbert v. Bellmawr Park Mut. Housing Corp., C.A. No. 10-5386 (NLH/JS), 2013 WL 1314395, at *1 (D.N.J. March 28, 2013). Plaintiff alleges that on March 7, 2010, he lived at 506 West Browning Road, Bellmawr Park, and he was unlawfully evicted and forced to move out of his

home. Bob McCormick now lives in the home. Plaintiff alleges, inter alia, defendants "took advantage of his disability and engaged in some sort of scheme to acquire his property." Id. at *2. Defendants contend Hibbert knowingly and voluntarily sold McCormick his home.

Much has been done since the case was filed. All discovery is complete, Bellmawr's motion for summary judgment was granted in part and denied in part [Doc. Nos. 38, 39], and the Joint Final Pretrial Order is close to being finalized.[1] Until just recently defendant McCormick represented himself in the case. Joseph M. Feeney, Esquire, entered his appearance for McCormick on May 3, 2013. [Doc. No. 43]. With leave of Court McCormick filed his motion for summary judgment on May 22, 2013. [Doc. No. 44]. The motion has not yet been decided.

Defendants represent that on April 29, 2013, Feeney sent a request for public records to the Maine Human Rights Commission ("MHRC") requesting records regarding three (3) claims plaintiff made. July 12, 2013 Letter Brief ("LB") at 3. Feeney received the documents on July 1, 2013, and produced them to plaintiff on July 3, 2013. Id. The documents include 750 pages related to Hibbert's discrimination complaints made in Maine. Feeney also produced additional documents on July 9, 2013, regarding Hibbert's real

---

[1]Defendants Bellmawr Park Mutual Housing Corporation and Pat Levin (property manager of Bellmawr Park) will be collectively referred to as "Bellmawr."

2

estate transactions in Maine. Id. at 2.

Defendants seek to supplement their discovery responses to include the documents they received from Maine. Defendants argue they only recently received these documents which should have been produced with plaintiff's Fed. R. Civ. P. 26 disclosures and answers to interrogatories and document requests. Defendants also want to re-depose plaintiff about the recently produced documents. Hibbert opposes defendants' motion and argues defendants should have obtained the new documents earlier. Hibbert denies the documents show plaintiff lied at his deposition and argues defendants can cross-examine him at trial.

Discussion

Pursuant to Rule 26(e) a party is under a duty to supplement its disclosures and discovery responses if its original response is incomplete. Rule 37(c)(1) provides that if a party fails to provide information as required by Rules 26(a) or (e), the party is not allowed to use that information to supply evidence unless the failure was "substantially justified." For reasons that are obvious, plaintiff's failure to produce relevant requested documents substantially justifies defendants' failure to identify the documents earlier.

Plaintiff argues defendants' supplement is late. The Court disagrees. It is not disputed that defendants only recently received the documents at issue and that they were produced

3

immediately after they were received. Hibbert alleges defendants should have obtained the documents earlier. He argues, "[a] cursory internet search or simple letter request to the MHRC by any of the defendants would have provided defendants in a timely manner with all of the information and documentation they are now requesting be included in their case." July 19, 2013 LB at 1. There are several responses to this argument. Until just recently McCormick was proceeding pro se in the case. It is unlikely McCormick knew of the available discovery tools in Maine. Therefore, his failure to produce the documents earlier was substantially justified. Immediately after McCormick's counsel was engaged he requested records from Maine and they were produced right after they were received. McCormick's counsel acted diligently and promptly. Plaintiff ignores the fact that he should have produced in discovery most if not all of the documents defendants recently learned about. For example, plaintiff did not produce requested contracts and HUD documents, and in response to interrogatories he did not identify the lawsuits or complaints he made in Maine. See July 12, 2013 LB at 2-3. This information is unquestionably relevant to perhaps the key issue in the case; namely, whether plaintiff knowingly and voluntarily sold his residence to McCormick and moved to Maine.[2] Hibbert's failure to

---

[2]For example, according to defendants the documents show that plaintiff had to bring $16,184.70 to the closing in Maine on March 8, 2010. July 22, 2013 LB at 2. McCormick paid plaintiff

4

produce relevant and requested discovery excuses defendants' late document production. A party cannot withhold relevant documents in discovery and then complain when a defendant discovers them and seeks to use them to support its defense.

Another reason why defendants' supplement is granted is because it furthers the interests of justice. The recently discovered documents are unquestionably relevant to claims in the case and defendants' defenses. Hibbert should not benefit from his failure to produce relevant and requested discovery. Otherwise, parties would be encouraged to "hide the ball" and hope that diligent opposing counsel do not discover documents that should have been produced in discovery.[3] Further, the supplement is especially appropriate in this case since the Honorable Noel L. Hillman noted in his March 28, 2013 Opinion that it was a "close call" when he denied Bellmawr Park's motion for summary judgment.

---

$20,000 on March 7, 2010. Id. A fair inference is that plaintiff used McCormick's money for the March 8, 2010 closing. Nevertheless, defendants represent that plaintiff testified he did not know what McCormick's money was for, he was "just holding" the payment, and he did not use McCormick's money at the March 8, 2010 closing. Id.

[3]Plaintiff argues the produced documents are "incoherent and are replete with erasures and redactions, making it virtually impossible to properly discern their subject matter." July 19, 2013 LB at 1. He also argues the documents are "inherently incompetent" and he objects to their authenticity. Id. These arguments are directed to the admissibility of the documents at trial, not whether they are discoverable. Discovery is obviously broader than the standard for the admissibility of evidence at trial. Hite v. Peters, C.A. No. 07-4492 (RMB/AMD), 2009 WL 1748860, at *3 (D.N.J. June 19, 2009)(citation omitted).

5

Hibbert, 2013 WL 1314395, at *11. This Court does not know if the new documents will "tip the scales" in Bellmawr Park's favor. Nonetheless, the new documents are unquestionably relevant and when the case is ultimately decided on the merits the fact finder should have all relevant information before it.[4] Plaintiff is not prejudiced by defendants' supplement. It is likely that plaintiff already had or has copies of the documents from Maine. In addition, plaintiff cannot be surprised by the documents because they either were prepared by or for him, and/or they were sent to him.

The Court will now turn to defendants' request to re-open plaintiff's deposition. In other words, to re-depose plaintiff. This request is also granted. Pursuant to Rule 30(a)(2)(A)(ii), leave of Court is required to take a deponent's deposition twice. The Court weighs the factors in Rule 26(b)(2)(i-iii) to determine if leave should be granted. V. Mane Fils, S.A. v. International Flavors and Fragrances, Inc., C.A. 06-2304 (FLW), 2010 WL 1855873, at *8 (D.N.J. May 6, 2010). These factors include whether the discovery is unreasonably cumulative or duplicative, whether the

---

[4]For example, Judge Hillman's Opinion denying Bellmawr's motion for summary judgment noted that plaintiff testified at his deposition "that he is unable to understand and communicate proficiently in the English language...." 2013 WL 1314395, at *9. Given the nature of the documents plaintiff executed in Maine, defendants may want to refer to the documents to impeach plaintiff. Judge Hillman also noted that it was not clear from the record if plaintiff planned to move out of his home. Id. at *11. The new documents are unquestionably relevant to this issue.

6

party has had ample opportunity to obtain the information in discovery, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Court finds that all of these factors weigh in defendants' favor. The majority of the information in the new documents is new, the documents at issue were not previously produced, and the new information is relevant to perhaps the key issue in the case. Although defendants generally knew about plaintiff's relocation efforts in Maine, they did not know all the important details revealed in the new documents.

The importance of the information to be addressed at Hibbert's second deposition outweighs Hibbert's minimal inconvenience of having to be deposed twice. Having not read the entirely of Hibbert's deposition, the Court is not at this time deciding whether Hibbert did or did not tell the truth and/or was deceptive at his July 6, 2011 deposition. However, from the portions of the deposition transcript defendants provided, it appears that Hibbert's testimony was incomplete. See July 12, 2013 LB at 4-6. Given this showing defendants should have an opportunity to explore the new documents with plaintiff at his pre-trial deposition. If the new documents had been timely produced by plaintiff, defendants would have undoubtedly questioned plaintiff about them at his deposition. Defendants should not be prejudiced because they only recently learned of relevant documents plaintiff should have

produced before his deposition. Again, plaintiff should not benefit from his failure to timely produce relevant discovery. Because of the late production defendants have shown good cause to re-depose plaintiff but only about the recently produced documents.[5] See Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. Tenn. 1999)("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information ... which it later reveals after an intervening deposition has occurred."). See also All Star Seed v. Nationwide Agribusiness Ins. Co., No. 12CV146-L (BLM), 2013 WL 1882260, at *7 (S.D. Cal. May 3, 2013)(granting motion to re-open depositions because of late produced documents); Syncora Guarantee Inc. v. EMC Mortg. Corp., No. MC 13-80037 SI, 2013 WL 1208936, at *3 (N.D. Cal. March 25, 2013).

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 1st day of August, 2013, that defendants "Joint Motion

---

[5] In Kleppinger v. Texas Department of Transportation, 283 F.R.D. 330, 336 n. 7 (S.D. Tex. 2012), the Court noted that even though Rule 30(a)(2) does not mention "good cause," most courts use a good cause standard when deciding whether a witness may be re-deposed. For the reasons discussed herein, the Court finds good cause for all defendants to re-depose plaintiff. Although Bellmawr did not obtain the documents at issue, it would be anomalous to permit McCormick to re-depose Hibbert about the documents but to deny Bellmawr the same opportunity. Bellmawr was equally prejudiced by Hibbert's failure to timely produce relevant and requested discovery.

to Amend/Correct Discovery Under Rule 26(e)" is GRANTED; and it is further

ORDERED that defendants are granted leave to supplement their disclosures and answers to interrogatories and document requests, and their portion of the Joint Final Pretrial Order, to include the recently produced documents referred to herein; and it is further

ORDERED that defendants are granted leave to re-depose plaintiff but only concerning the recently produced documents and information. The deposition shall be completed by August 30, 2013; and it is further

ORDERED that the Court will separately schedule a status conference in September 2013 to address any requests for additional discovery and/or sanctions.[6]

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[6] This Order is entered without prejudice to defendants' right to move for sanctions and/or dismissal based on plaintiff's deposition testimony. The Court is not presently weighing in on whether the relief is appropriate.