```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MARK E. HIBBERT,                    :
                                    :
                                    :   Civil No. 10-5386 (NLH/JS)
            Plaintiff,              :
                                    :
      v.                            :
                                    :
                                    :            OPINION
                                    :
BELLMAWR PARK MUTUAL HOUSING        :
CORPORATION, PAT LEVINS, and        :
BOB McCORMICK,                      :
                                    :
            Defendants.             :
_____:
```

**APPEARANCES:**

MARK E. HIBBERT, SR.
33 SKYLINE DR
SICKLERVILLE, NJ 08081
    *Plaintiff Pro Se*

William J. Martin
Martin, Gunn & Martin
216 Haddon Avenue
Suite 420
Westmont, NJ 08108
    *Attorney for Defendants Bellmawr Park Mutual Housing
    Corporation and Pat Levins*

Joseph M. Feeney
Brown & Connery
6 North Broad Street
Woodbury, NJ 08096
    *Attorney for Defendant Bob McCormick*

**Hillman, District J.**

   Currently pending before the Court is a "Motion to Reopen"

[Doc. No. 105], "Notice of Request for New Trial" [Doc. No.

108], and "Notice of Request for an American Sign Language

Interpreter" [Doc. No. 109] filed by pro se Plaintiff Mark E. Hibbert. Defendants Bob McCormick ("McCormick"), Bellmawr Park Mutual Housing Corporation, and Patricia Levins ("Bellmawr Park Defendants") filed oppositions to the "Motion to Reopen." For the reasons that follow, Plaintiff's motions will be denied.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns the property sale of 506 West Browning Road, Bellmawr, New Jersey, which took place on or about March 7, 2010. Hibbert, who is deaf, was a resident of Bellmawr Park, a non-profit corporation that provides low-cost housing in southern New Jersey. Residents of Bellmawr Park do not own their units but may sell improvements made to their units.

In December 2009, Hibbert met with the Bellmawr Park Board of Trustees to discuss his intent to sell his unit and move to Maine. The meeting was also attended by Hibbert's teenage son, Mark Hibbert Jr. ("Mark Jr."), who served as an interpreter during the meeting, as well as Defendant Pat Levins and several other members of the Board. Levins thereafter contacted Defendant Robert McCormick who was interested in buying Hibbert's unit.

On January 29, 2010, Hibbert signed a Purchase and Sale Agreement for the purchase of a mobile home property at 2196 Sanford Road, Lot 28, Wells, Maine. Hibbert entered into an Addendum to that agreement on February 24, 2010. Soon

2

thereafter, Hibbert expressed his desire to pull out of the purchase but was advised by his real estate agent that he would lose his deposit.

On March 7, 2010, Hibbert received a check in the amount of $20,000 from McCormick and moved out of Bellmawr Park. Hibbert originally told the Court that he did not know what the check was for. However, during supplemental discovery, it was determined that Hibbert needed $17,000 in order to close on the Maine property. The next day, Plaintiff attended the closing to purchase 2196 Sanford Road in Wells, Maine, and moved in to the residence with his family.

Hibbert claims that he was unlawfully evicted and forced to move out of his home in New Jersey on March 7, 2010, and that Levins and McCormick took advantage of his disability. Plaintiff's amended complaint asserted the following counts against Defendants: (1) breach of contract; (2) violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A § 10:5-12 et seq.; (3) violation of the New Jersey Fair Eviction Notice Act, N.J.S.A. § 2A:42-10.15 et seq.; (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (5) violation of the New Jersey Statute of Frauds, N.J.S.A. § 25:1-5 et seq.; and (6) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.

On July 16, 2012, the Bellmawr Park Defendants moved for summary judgment on the entirety of Plaintiff's amended complaint.  That motion was granted in part and denied in part. Count III (New Jersey Statute of Frauds claim), Count IV (ADA), and Count V (New Jersey Fair Eviction Notice Act claim) were dismissed as to the Bellmawr Park Defendants.  Defendants' request to dismiss the remaining claims, Count I (breach of contract), Count II (NJLAD), and Count VI (FHA), was denied.

On November 11, 2013, McCormick filed a supplemental motion for summary judgment.  On January 21, 2014, the Bellmawr Park Defendants filed a second motion for summary judgment.  These motions addressed the remaining counts in Plaintiff's amended complaint: Count I (breach of contract); Count II (NJLAD); and Count IV (FHA).  Both motions were granted and McCormick was granted leave to file motions for sanctions.

The civil case was terminated on July 21, 2014.  McCormick filed a motion for sanctions which was denied as untimely on December 1, 2014.  On July 25, 2014, Plaintiff filed a notice of appeal to the Third Circuit.  On October 5, 2015, the Third Circuit affirmed the Court's June 27, 2014 Opinion granting summary judgment in favor of Defendants.  The Third Circuit also granted McCormick's motion for damages and costs for the filing of a frivolous appeal.  Thereafter, on November 13, 2015, Hibbert, appearing pro se, filed a brief apparently in

4

opposition to the summary judgment motions that the Court decided on June 27, 2014, which were subsequently affirmed by the Third Circuit. Plaintiff's former counsel, Barry J. Beran, was terminated on December 16, 2015. Since then, Plaintiff has filed a motion to reopen and notice of request for new trial which requests relief pursuant to Federal Rules of Civil Procedure 60(b) and 57. Plaintiff also requests an interpreter.

**II.   DISCUSSION**

Federal Rules of Civil Procedure 60(b) and (c) provide:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)   mistake, inadvertence, surprise, or excusable neglect;

    (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)   the judgment is void;

    (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)   any other reason that justifies relief.

(c) Timing and Effect of the Motion.

    (1)   Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1),

>(2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Plaintiff appears to be making an application under Rule 60(b)(3), for fraud, and perhaps under Rule 60(b)(6), on the grounds that the Court failed to consider all evidence.  As a preliminary matter, Plaintiff's application under Rule 60(b)(3) is untimely because it was filed on January 29, 2016, more than a year after the entry of judgment on June 27, 2014.  See Fed. R. Civ. P. 60(c); see also GLeS Inc. v. MK Real Estate Developer & Trade Co., 530 F. App'x 153, 154 (3d Cir. 2013) (barring motion made pursuant to Rule 60(b)(3) filed 13 months after judgment was entered).  A motion made pursuant to Rule 60(b)(6), however, must be made "within a reasonable time."  See Fed. R. Civ. P. 60(c).  Here, one year and seven months have elapsed between the judgment and instant application, which is not a reasonable time under the circumstances.  Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner.").  Plaintiff has offered no explanation why he was prevented from filing this motion in a timely manner.

6

Even if Plaintiff was not time barred, a "movant under Rule 60(b) bears a heavy burden to present 'more than a showing of the potential significance of the new evidence.'"  Groeber v. Friedman & Schuman P.C., 602 F. App'x 69, 70 (3d Cir. 2015), cert. denied, 136 S. Ct. 695, 193 L. Ed. 2d 521 (2015), reh'g denied, 136 S. Ct. 1249 (2016) (quoting Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991)).  Plaintiff has not met this "heavy burden."  In his brief, Plaintiff recites the same facts previously considered in the summary judgment motions.  The Court has extracted the following allegations from Plaintiff's brief:

- The Court ignored "deaf discrimination." (Br. at 2.)
- Levins forged Hibbert's signature to transfer the property. (Br. at 4.)
- On March 2, 2010, Levins tried to "push" Plaintiff into signing transfer papers without an interpreter. (Br. at 5.)
- On March 2, 2010 McCormick told Levins to harass Plaintiff's son on his cell phone which continued for several days.  (Br. at 5.)
- McCormick lied in his (unspecified) "statement" and "lied when he said they [McCormick and Plaintiff] had talked about the house and money."  (Br. at 5.)

- McCormick lied in Court by saying he communicated with Plaintiff between January 19, 2010 and March 7, 2010. (Br. at 6.)
- The Bellmawr Housing Defendants should have used an interpreter during the Board meeting. (Br. at 6.)
- The housing board's lawyer lied about "explain[ing] the situation" to Plaintiff." (Br. at 7.)
- In July 2009, Levins ripped up some form of paperwork. (Br. at 7.)
- Levins lied to the Court when she said Plaintiff "wanted to move." (Br. at 7.)

These allegations boil down to four main arguments: (1) Plaintiff was discriminated against based on his disability, (2) Plaintiff was coerced into selling his unit when he desired to stay, (3) the paperwork for the sale was either forged or destroyed, and (4) Levins lied to the Court.

    First, the Court previously considered Plaintiff's disability and the fact that a certified interpreter was not present at the board meeting.  The Court found that Plaintiff did not provide evidence that he was unable to understand the events at issue through other means of communication.  (June 27, 2014 Op. at 23.)  Plaintiff has provided no new evidence to suggest otherwise.  Second, the Court considered evidence that

Plaintiff put a down payment on a new home in Maine using the money from the sale of his Bellmawr Park unit, attended the property closing in Maine on March 8, 2010, and moved in to his new home in Maine. The Court found that Plaintiff did not present sufficient facts that could show that Defendants coerced him into leaving. (Op. at 16-17.) Finally, there is insufficient information regarding the forged or destroyed paperwork transferring the property or suggesting that Levins lied to the Court. The Third Circuit has held that "[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc., 434 F. App'x 109, 111 (3d Cir. 2011) (citing Brown v. Pennsylvania Railroad Co., 282 F.2d 522, 527 (3d Cir. 1960)). Plaintiff has failed to meet this burden and has failed to support these bare allegations.

Additionally, Plaintiff requests relief pursuant to "Rule 57" which governs the procedure for obtaining a declaratory judgment.[1] An application under Rule 57 is inappropriate and

---

[1] Federal Rule of Civil Procedure 57 provides: "These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action."

misplaced at this stage of the litigation. If Plaintiff intended to bring a motion pursuant to Fed. R. Civ. P. 59(e), the application must be made within 28 days of an entry of judgment. See Fed. R. Civ. P. 59(e). Accordingly, Plaintiff's alternative basis for relief will also be denied as untimely. Additionally, for the same reasons articulated above, Plaintiff's request for a new trial will be denied.

Additionally, Plaintiff filed a request for a sign language interpreter pursuant to Fed. R. Civ. P. 37(b), and accuses Defendants of committing perjury during depositions. Again, the Court finds no clear and convincing evidence of fraud or perjury. As Plaintiff's motion to reopen the case will be denied, Plaintiff's request for an interpreter will also be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motions will be denied. An appropriate Order follows.

At Camden, New Jersey  
Dated: July 18, 2016

                                         s/ Noel L. Hillman  
                                         NOEL L. HILLMAN, U.S.D.J.